UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN FRAKE, | |
| Plaintiff, | CIVIL ACTION 1:20-cv-02668 |
| v. | COMPLAINT |
| RECEIVABLES MANAGEMENT PARTNERS, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT TO
THE FAIR DEBT COLLECTION PRACTICES ACT**

Now Comes the Plaintiff, JOHN FRAKE ("Mr. Frake"), by and through his attorneys, complaining of the Defendants, RECEIVABLES MANAGEMENT PARTNERS, LLC ("RMP"), as follows:

**NATURE OF THE ACTION**

1. Mr. Frake brings this action as a consumer to secure redress from unlawful debt collection practices engaged in by Defendant. Mr. Frake alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*. ("ICFA") and the Illinois Workers' Compensation Act, 820 ILCS 305 *et seq*. ("IWCA").

2. Jurisdiction is conferred upon this Court by 15 U.S.C. §1692k(d) and 28 U.S.C. §1331, as this action arises under the laws of the United States. Declaratory relief is available pursuant to 28 U.S.C. §§2201, 2202 and 735 ILCS 5/2-701. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue and personal jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business in the Northern District of Illinois and the conduct complained of occurred within this district.

## PARTIES

4. <u>Plaintiff, John Frake ("Mr. Frake"),</u> is natural person residing in Morton Grove, Illinois.

5. Mr. Frake is a "consumer," as defined by the FDCPA, 15 U.S.C. §1692a(3).

6. <u>Defendant, Receivables Management Partners, LLC ("RMP"),</u> is a Delaware company with its principal place of business located at 8085 Knue Rd., Indianapolis, Indiana 46250. RMP conducts and transacts business throughout Illinois. RMP's Illinois registered agent is Cogency Global Inc., 600 S. Second St., Suite 404, Springfield, Illinois 62704.

7. RMP is a "debt collector," as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses the nationwide credit reporting system, mails and/or the telephone to collect, or attempt to collect, defaulted debts asserted to be owed to another.

8. At all times relevant to this complaint, RMP was collecting on a consumer "debt," as defined by the FDCPA, 15 U.S.C. §1692a(5).

## FACTS SUPPORTING CAUSE OF ACTION

### Work-Related Injury

9. At all times relevant to this complaint, Mr. Frake was employed by the Cook County Sheriff's Office as a Correctional Officer.

10. On June 19, 2017, Mr. Frake was severely injured in the course of duty when he was struck in the head during an inmate riot at the Cermak Jail ("the injury").

2

**Workers' Compensation Case**

11. On or about July 19, 2017, in order to protect his rights and procure necessary medical treatment, Mr. Frake, through counsel, filed an Application for Adjustment of Claim ("workers' compensation case") with the Illinois Workers' Compensation Commission for resolution of claims related to the injury.

12. The Illinois Workers' Compensation Act ("IWCA") requires medical providers to bill the employer (or its workers' compensation insurance carrier) for services rendered in connection with a known work-related injury. *See* 820 ILCS 305/8.2(d).

13. Even if the employer disputes and/or fails to pay the billed charges, medical providers are prohibited from holding an employee liable for any costs of services upon notice that the charges are subject to a pending workers' compensation case. *See* 820 ILCS 305/8.2(e).

**Medical Treatment and IWCA Notice**

14. On November 6, 2017, Mr. Frake received medical treatment and/or services from Northshore University Healthsystem and its medical providers ("medical providers") in connection with the injury.

15. At the time, Mr. Frake submitted his employer's information and informed his medical providers that the injury for which he sought treatment was work-related.

16. Mr. Frake also advised his medical providers that the injury for which he sought treatment is subject to a pending workers' compensation case.

17. Under of the IWCA, the medical providers are required to submit medical bills in connection with the injury to Mr. Frake's employer, and they are prohibited from attempting to collect payment for such costs from Mr. Frake.

**Unlawful Debt Collection**

18. Despite having notice of his workers' compensation case—and in violation of the IWCA—the medical providers are now attempting to collect from Mr. Frake costs associated with the injury in the amount of $314.00 ("subject debt").

19. On or about September 16, 2019, Mr. Frake began receiving payment demands from RMP for the subject debt ("payment demands").

20. The payment demands are false, misleading and unfair by virtue of the IWCA's prohibition on holding employees liable for costs of medical services provided for a known work-related injury subject to a pending workers' compensation case.

21. Upon information and belief, RMP has also reported to the credit reporting agencies the inaccurate information that Mr. Frake is delinquent in his obligation to pay the subject debt.

**Willfulness/Recklessness**

22. Medical providers should not be allowed to circumvent the mandates of the IWCA by placing the subject debt for collection with a debt collection agency.

23. RMP—as a sophisticated medical debt collector doing business in Illinois—is aware of the IWCA, but does not take adequate measures to prevent illegal attempts to collect workers' compensation debt from innocent consumers injured at work.

24. RMP's blind-eye towards violations of the IWCA demonstrates a willful and/or reckless indifference to the law and to the rights of innocent consumers.

25. RMP's unfair, unscrupulous, and deceptive conduct violates public policy and harms innocent consumers under the protection of the IWCA, who are forced either to accept

financial responsibility for their work-related injury, or live in fear that they will be subject to further collection activity, such as continued harassment and inaccurate credit reporting.

## Damages

26. RMP's attempts to hold Mr. Frake liable for the subject debt, which was incurred as a result of a work-related injury, through no fault of his own, have added insult to injury and caused Mr. Frake to question the effect of his workers' compensation case.

27. Due to RMP's illegal conduct, Mr. Frake now faces the immediate harm of a wrongfully diminished credit rating, as well as the continued confusion and harassment caused by false collection notices.

28. RMP's unfair conduct resulted in emotional distress, agitation and confusion to Mr. Frake, forcing him to spend time consulting with his attorneys for clarification and to ensure that Defendants' wrongful collection efforts cease.

29. Additionally, Mr. Frake has been deterred from utilizing credit otherwise available to him due to the illegal inclusion of the subject debt in his credit files.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

30. Mr. Frake repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. RMP violated 15 U.S.C. §§1692e(2), e(8) e(10), f, and f(1) through its debt collection efforts.

32. RMP violated 15 U.S.C. §1692e(2) by misrepresenting the legal status of the subject debt. Pursuant to the IWCA, RMP is prohibited from attempting to collect the subject debt from Mr. Frake.

5

33. RMP violated 15 U.S.C. §1692e(8) by reporting false credit information to the credit reporting agencies. RMP reported the subject debt in Mr. Frake's consumer credit files, despite the fact that he is not obligated to pay it by virtue of the IWCA.

34. RMP violated 15 U.S.C. §1692e(10) when it falsely represented to Mr. Frake that he is legally obligated to pay the subject debt. Under the IWCA, RMP was prohibited from attempting to collect the subject debt from Mr. Frake at the time the payment demands were sent.

35. RMP violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt, as Mr. Frake is protected by the IWCA and does not have a duty or obligation to pay the subject debt. The conduct violates public policy and is illegal.

36. RMP violated 15 U.S.C. §1692f(1) by attempting to collect a debt that it is not permitted by law to collect, as the IWCA prohibits the collection of the subject debt.

37. As pleaded in paragraphs 26 through 29, Mr. Frake has suffered damages as a result of RMP's illegal collection efforts.

38. As a result of RMP's violations of the FDCPA, and in consideration of the willful and reckless disregard for the law, Mr. Frake is entitled to a declaratory judgment that RMP's actions violate the FDCPA, as well as an award of actual damages, statutory damages, legal fees and costs pursuant to 15 U.S.C. §1692k(a)(1), (2) and (3).

WHEREFORE, Plaintiff, JOHN FRAKE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. declaring that the practices complained of herein are unlawful and violate the FDCPA;
   b. awarding actual damages in an amount to be determined at trial;
   c. awarding statutory damages of $1,000 as prescribed by the FDCPA;
   d. awarding costs and reasonable attorneys' fees as provided under the FDCPA and;

e. awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATION OF THE ILLINOIS
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

39. Mr. Frake repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

40. Mr. Frake is a "person," as defined by the ICFA, 815 ILCS 505/1(c).

41. Mr. Frake is a "consumer," as defined by the ICFA, 815 ILCS 505/1(e).

42. At all times relevant to this complaint, RMP was engaged in "commerce," as defined by the ICFA, 815 ILCS 505/1(f).

43. RMP's efforts to collect the subject debt from Mr. Frake, which was known to be subject to workers' compensation, represents the use of deception and false pretenses.

44. It was deceptive for RMP to attempt to collect the subject debt because doing so falsely implies that Mr. Frake is liable for the subject debt, when as a matter of law, he is not.

45. It was unfair and against public policy for RMP to attempt to collect the subject debt; the IWCA expressly prohibits such conduct.

46. RMP intended for Mr. Frake to rely on its unfair and deceptive conduct and pay the subject debt, for which it could not legally hold him liable under the IWCA.

47. As pleaded in paragraphs 26 through 29, Mr. Frake has sustained damages as a result of RMP's deceptive and unfair business practices.

48. As a result of RMP's violations of the ICFA, and in consideration of the willful and reckless disregard for the law, Mr. Frake is entitled to a declaratory judgment that RMP's actions violate the ICFA, as well as an award of actual damages, punitive damages, legal fees and costs.

WHEREFORE, Plaintiff, JOHN FRAKE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the ICFA;

b. awarding actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. awarding costs and reasonable attorney fees;

d. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATION OF THE ILLINOIS WORKERS' COMPENSATION ACT

49. Mr. Frake restates and realleges paragraphs 1 through 29 as though fully set forth herein.

50. RMP violated the IWCA by attempting to hold Mr. Frake liable for costs of services that were rendered in connection with his work-related injury and included in his workers' compensation case. *See* 820 ILCS 305/8.2(d) and (e).

51. It was inherently unfair and deceptive for RMP to attempt to collect the subject debt from Mr. Frake because doing so negates the essential protections afforded by the IWCA.

52. In doing so, RMP has shown a willful and reckless disregard towards the IWCA and innocent employees injured in the course of duty.

53. As pleaded in paragraphs 26 through 29, Mr. Frake has suffered damages as a result of RMP's illegal collection efforts and disregard for the IWCA.

WHEREFORE, Plaintiff, JOHN FRAKE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the IWCA;

b. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 1, 2020 Respectfully Submitted,

<div style="margin-left: 3em;">

/s/ Daniel J. McGarry
Daniel J. McGarry, Esq. ARDC#6309647
Of Counsel, Whiteside & Goldberg, Ltd.
155 N. Michigan Ave., Suite 540
Chicago, IL 60601
(312) 334-6875
dmcgarry@wglawgroup.com
*Counsel for Plaintiff*

</div>